```
 1  ROBERT W. THOMPSON, Esq. (SBN 106411)
    KATHLEEN M. HARTMAN, Esq. (SBN 219934)
 2  CALLAHAN, THOMPSON, SHERMAN
    & CAUDILL, LLP
 3  2601 Main Street, Suite 800
    Irvine, California 92614
 4  Tel  :      (949) 261-2872
    Fax  :      (949) 261-6060
 5  Email:      rthompson@ctsclaw.com
    Email:      khartman@ctsclaw.com
 6
    Attorneys for Plaintiff,
 7  ROBERTO SILVA, individually and on
    behalf of all persons similarly situated
 8
```



FILED
2010 AUG 20 PM 2:51
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO SILVA, individually and on behalf of all persons similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No.: **SACV10-01282 CJC (JCGx)**<br><br>CLASS ACTION AND COLLECTIVE ACTION<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

**Plaintiff hereby alleges:**

### NATURE OF THE ACTION

1. This is a class and collective action brought by Plaintiff Roberto Silva (hereinafter, "Plaintiff") individually and on behalf of all similarly situated employees of International Business Machines Corporation (hereinafter, "IBM").

2. Plaintiff seeks to recover damages, liquidated damages, interest, penalties, costs of suit, restitution, injunctive relief, and attorneys' fees resulting

from IBM's failure to pay overtime wages due to misclassification of employees, failure to provide itemized wage statements, failure to indemnify business expenses, and unfair business practices.

## THE PARTIES

3. Plaintiff Roberto Silva is an employee of IBM who works out of his home in Tustin, California.

4. Plaintiff is informed and believes that IBM is registered with the California Secretary of State to do business in California and that it actually does business in California.

## JURISDICTION

5. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise from a common nucleus of operative facts as the claims upon which this Court has federal question jurisdiction.

7. Venue is proper in this Court pursuant to 28 U.S.C. Section 1339(b) because Plaintiff resides and works in Orange County and Defendant is registered to do business in California and it conducts business in Orange County.

## GENERAL ALLEGATIONS

8. Plaintiff works for IBM as an Advisory IT Specialist. His position ID is 595K and his pay band is 07Q.

9. Plaintiff's primary job duties include installing software and operating systems on computers and remote trouble-shooting of networks, hardware and software. In performance of his primary job duties, Plaintiff uses well-established procedures of IBM, the client, or the developer of the software that he is installing.

10. IBM was previously sued for, among other things, misclassification of employees with the position ID of 595K as exempt and failing to pay them

overtime. As part of a settlement in that action, Plaintiff was reclassified as non-exempt from overtime pay. In or about April 2010, IBM again reclassified Plaintiff as exempt from overtime pay even though he performs the same job duties as when he was classified as non-exempt. Plaintiff is informed and believes that other employees performing the same job duties as when they were classified as non-exempt were reclassified as exempt from overtime pay.

11. During the time Plaintiff was classified as non-exempt, he did not receive itemized statements with his paychecks that listed his current hourly rate or the hourly rate for overtime hours.

12. Plaintiff is informed and believes IBM uses a uniform payroll system and that all non-exempt employees in California did not receive itemized statements with their paychecks that list current hourly rates or the hourly rate for overtime hours.

13. During the time Plaintiff was misclassified as exempt, he did not receive itemized statements with his paychecks that listed the number of hours worked or his current rate of pay.

14. Plaintiff is informed and believes IBM uses a uniform payroll system and that other and misclassified employees in California did not receive itemized statements with their paychecks that list the number of hours worked or their current rate of pay.

15. Plaintiff was required to pay for business expenses such as Internet use, software, office supplies, and mileage without being reimbursed from IBM.

16. Plaintiff is informed and believes that other IBM employees in California are required to pay for business expenses and are not reimbursed for such expenses.

## COLLECTIVE ACTION

17. Plaintiff seeks to have the first cause of action certified to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons employed

- 3 -

by IBM in position code 575K who are or were classified as exempt from overtime during any time from January 1, 2009, to the present.

18. The primary job duties of Plaintiff and members of the collective action include installing software and operating systems on computers and remote trouble-shooting of networks, hardware and software.

## CLASS ACTION

19. Plaintiff seeks to have the second, third, fourth, and fifth causes of action certified as a class action pursuant to Federal Rules of Civil Procedure, Rule 23 on behalf of the following classes:

    a. California Overtime Class:

        "All employees of IBM in California labeled as position code 575K and who were classified as exempt from overtime during any time from January 1, 2009, to the present."

    b. California Itemized Payroll Statement Class:

        "All employees of IBM in California who received payroll checks."

    c. California Indemnification Class:

        "All employees of IBM in California who were required to pay for business expenses any time from four years prior to the filing of this action to the present."

20. Plaintiff is informed and believes and thereon alleges that the persons in the putative class are so numerous that joinder of all such persons is impracticable and that the disposition of their claims as a class will benefit the parties and the court.

21. There is a well-defined community of interest in questions of law involving and affecting the class as to whether:

    a. IBM misclassified employees with the position code 575K;

    b. IBM has a policy and practice of providing employees with itemized payroll statements that do not properly include hours worked or

hourly wage rates;

    c.    IBM has a policy and practice of not reimbursing employees for business expenses.

22. The claims of Plaintiff alleged herein are typical of those claims that could be alleged by any members of the California Overtime Class, California Itemized Statement Class, and California Indemnification Class. The relief sought is typical of the relief that would be sought by each of the class members in separate actions.

23. Plaintiff and Plaintiff's counsel will fairly and adequately represent and protect the interests of the class. There are no known conflicts of interest with any putative class member.

24. The prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the classes, establishing incompatible standards of conduct for IBM and resulting in the impairment of rights of the class and the disposition of their interest through actions to which they were not parties.

25. A single class action is superior to numerous individual actions as a means of adjudicating those claims.

### FIRST CAUSE OF ACTION
(By Plaintiff, individually, and as a collective action on behalf of all similarly situated persons against IBM)

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

26. Plaintiff hereby restates, re-alleges, and incorporates by reference herein the paragraphs stated above in this Complaint as though fully set forth herein.

27. Pursuant to 29 U.S.C. § 216(b), an action to recover unpaid overtime compensation may be maintained against any employer in any federal court of

competent jurisdiction by one or more employees for and on behalf of himself, herself, or themselves and other employees similarly situated.

28. Pursuant to 29 U.S.C. § 207, no employer shall employ any of its employees who in any workweek is engaged in commerce, or is employed in an enterprise engaged in commerce, for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which the employee is employed.

29. IBM is engaged in commerce.

30. Plaintiff and members of the proposed collective action are engaged in commerce each week of their employment with IBM.

31. IBM employed Plaintiff for workweeks longer than forty hours but did not pay him one and one-half times his regular rate of pay for all hours over forty.

32. Plaintiff is informed and believes and thereon alleges that IBM employed other members of the proposed collective action for workweeks longer than forty hours and did not pay them one and one-half times his regular rate of pay for all hours over forty.

33. Plaintiff and members of the proposed collective action were not exempt from the requirement to be paid overtime wages.

34. Plaintiff is informed and believes and thereon alleges that IBM intentionally, willfully, and improperly designated the position code of 575K as exempt from overtime pay in order to avoid the payment of overtime wages and other benefits, in violation of the FLSA. Plaintiff was classified as non-exempt and then re-classified as exempt but his job duties did not change.

35. IBM's conduct was willful because IBM knew Plaintiff and all members of the proposed collective action overtime and were entitled to overtime wages, yet IBM chose not to pay them overtime compensation.

36. As a result of IBM's wrongful conduct, Plaintiff and all members of the proposed collective action have been damaged in amounts to be proven at trial.

37. On behalf of himself and on behalf of all members of the proposed collective action who choose to opt in to this action, Plaintiff requests recovery of all unpaid wages, including unpaid overtime wages, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b) against IBM, in amounts to be established.

## SECOND CAUSE OF ACTION

(By Plaintiff, individually, and as a class action on behalf of the California Overtime Class against IBM)

## FAILURE TO PAY OVERTIME WAGES UNDER CALIFORNIA LABOR CODE SECTION

38. Plaintiff hereby restates, re-alleges, and incorporates by reference the paragraphs stated above in this Complaint as though fully set forth herein.

39. For any work over eight hours in one workday and any work in excess of forty hours in one workweek and the first eight hours worked on the seventh day of work, an employee must be compensated at the rate of no less than one and one-half times his or her regular rate of pay. For work in excess of twelve hours in one day, the employee must be compensated at a rate of no less than twice his or her regular rate of pay. Any work in excess of eight hours on the seventh day of work is compensated at a rate of no less than twice the employee's regular rate of pay. Cal. Lab. Code §§ 510, 1194, 1197.

40. Plaintiff worked more than eight hours a day, more than forty hours in a week, and seven days in a week but he was not compensated at the proper hourly rate for his time.

41. Plaintiff is informed and believes that other employees in the California Overtime Class worked more than eight hours in a day, more than forty

hours in a week, and seven days in a week but were not compensated for their time at the proper hourly rate.

42. IBM was aware that they were not compensating their employees properly for overtime hours. Plaintiff was previously classified as non-exempt but IBM reclassified him as exempt even though his job duties did not change. Plaintiff is informed and believes that IBM also reclassified as exempt other employees in the California Overtime Class but the job duties of those employees did not change.

43. Plaintiff brings this action to recover unpaid wages, interest, liquidated damages, penalties, injunctive relief, and attorneys' fees and costs. Cal. Lab. Code §§ 218.5, 218.6, 1194, 1194.2, and 1197.

44. Plaintiff will amend this complaint after exhausting administrative remedies, if necessary, to seek additional penalties provided by California law, including Labor Code section 558 and 2699 penalties.

### THIRD CAUSE OF ACTION
By Plaintiff, individually, and as a class action on behalf of the California Itemized Payroll Statement Class against IBM)

### FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

45. Plaintiff hereby restates, re-alleges, and incorporates by reference the paragraphs stated above in this Complaint as though fully set forth herein.

46. When paying wages, every employer must furnish its employees with accurate itemized statements showing, among other things, gross wages earned, the number of hours worked, and applicable hourly rates of pay. Cal. Lab. Code § 226.

47. Plaintiff did not receive accurate itemized statements with his paychecks. Plaintiff received paychecks that did not reflect his current hourly rate, the number of hours worked, and/or an accurate amount of total wages earned.

48. Plaintiff is informed and believes that IBM has a uniform payroll system and that the system used to pay its employees does not provide itemized statements as required by California.

49. Based on IBM's violation, Plaintiff and the California Itemized Payroll Statement Class are entitled to recover actual damages or penalties for each pay period in which a violation occurs not exceeding four thousand ($4,000.00), attorneys' fees and costs, civil penalties, and injunctive relief. Cal. Lab. Code § 226, and 226.3.

50. Plaintiff will amend this complaint after exhausting administrative remedies, if necessary, to seek additional penalties provided by California law, including Labor Code section 2699 et seq. penalties.

## FOURTH CAUSE OF ACTION

By Plaintiff, individually, and as a class action on behalf of the California Indemnification Class against IBM)

**FAILURE TO INDEMNIFY EMPLOYEES FOR BUSINESS EXPENSES**

51. Plaintiff hereby restates, re-alleges, and incorporates by reference the paragraphs stated above in this Complaint as though fully set forth herein.

52. Pursuant to California Labor Code section 2802, an employer must indemnify its employees for any business expenses they incur as a direct consequence of the discharge of the employee's duties.

53. Plaintiff works from his home and is required to personally pay for business expense incurred as a direct consequence of the discharge of his duties. For example, IBM requires Plaintiff to have Internet access at his home. However, IBM will not reimburse Plaintiff or other members of the California Indemnification Class for the costs associated with obtaining and maintaining Internet access. Plaintiff is informed and believes that in or about April 2009, IBM instituted a policy whereby it discontinued reimbursement of Internet costs for all of its employees who work out of their homes. IBM also requires persons who

work at home to have a shredder in order to perform their job duties. Plaintiff purchased a shredder as was required, but IBM refused to reimburse him for the cost of the shredder. IBM also has not reimbursed Plaintiff for items such as paper, toner, and other offices supplies necessary for him to carry out his employment.

54. Plaintiff is required to drive his personal vehicle in order to conduct business for IBM. For example, Plaintiff was required to drive to and from certain customer sites to perform his job. IBM did not reimburse Plaintiff for his mileage when he used his personal vehicle for business purposes. Plaintiff is informed and believes that IBM does not reimburse other members of the California Indemnification Class for mileage.

55. IBM benefits from Plaintiff and other members of the California Indemnification Class having to pay for costs incurred in the performance of their duties.

56. Plaintiff and members of the class are entitled to reimbursement of their expenses, penalties, interest, and attorneys' fees and costs. Cal. Labor Code §§ 2802(c).

57. Plaintiff will amend this complaint after exhausting administrative remedies, if necessary, to seek additional penalties provided by California law, including Labor Code section 2699 et seq. penalties.

**FIFTH CAUSE OF ACTION**

(By Plaintiff, individually, and as a class action on behalf of all of the California Classes against IBM)

**UNFAIR BUSINESS PRACTICES**

58. Plaintiff hereby restates, re-alleges, and incorporates by reference the paragraphs stated above in this Complaint as though fully set forth herein.


59. The following acts by IBM are unlawful, unfair, deceptive and/or anti-competitive business practices as set forth in Business and Professions Code sections 17200 et seq.:

    (a) Failure to pay wages;

    (b) Failure to provide accurate itemized statements; and

    (c) Failure to reimburse business expenses;

60. As the result of such unlawful, unfair, deceptive and/or anti-competitive business practices, IBM retained benefit from Plaintiff in the form of wages, money paid, and work time. Plaintiff suffered actual damages from IBM's actions.

61. IBM's continual refusal to conform to the law is a violation of Business and Professions Code sections 17200 et seq. As such, the Court is justified to issue an injunction pursuant to Business and Professions Code section 17203 and order restitution to Plaintiff and members of the California Classes in order to prevent IBM from continuing to accumulate unjust profits at the expense of Plaintiff and the California Class members, prevent violation of the public policies of the State of California enacted for the welfare of all citizens, and to prevent IBM from competing unfairly with other law-abiding California businesses.

62. Plaintiff also seeks recovery of attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.2

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for judgment against Defendant as follows:

1. General and compensatory damages;
2. Recovery of wages;
3. Penalties;
4. Punitive damages;
5. Restitution;

1  6. Injunctive relief;
2  7. Interest;
3  8. Attorneys' fees and costs; and
4  9. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

PLAINTIFF hereby demands a jury trial on all issues so triable.

DATED: August 19, 2010

CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP

By _____
ROBERT W. THOMPSON
KATHLEEN M. HARTMAN
Attorneys for Plaintiff
**ROBERTO SILVA, individually and on behalf of all others similarly situated**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ROBERTO SILVA, individually and on behalf of all persons similarly situated

**DEFENDANTS**
INTERNATIONAL BUSINESS MACHINES CORPORATION

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Kathleen M. Hartman, Esq
Callahan, Thompson, Sherman & Caudill,
2601 Main Street, Suite 800
Irvine, CA 92614
949-261-2872

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. Section 216(b) failure to pay overtime

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument |  |  | ☐ 535 Death Penalty |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 340 Marine |  | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
|  | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition |  |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) |  | ☐ 422 Appeal 28 USC 158 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV |  | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 |  | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 355 Motor Vehicle Product Liability |  | ☐ 610 Agriculture |  |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
|  |  |  | ☐ 441 Voting |  | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
|  | ☐ 190 Other Contract |  | ☐ 443 Housing/Acco- mmodations |  | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability |  |  | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act |  |  | ☐ 444 Welfare |  | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
|  | REAL PROPERTY |  |  | ☐ 640 R.R. & Truck |  |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation |  |  | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☒ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act |  |  |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application |  | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  | ☐ 240 Torts to Land |  | ☐ 440 Other Civil Rights |  |  |
|  | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee |  |  |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  |  | ☐ 871 IRS - Third Party 26 USC 7609 |
|  |  | ☐ 465 Other Immigration Actions |  |  |  |

**FOR OFFICE USE ONLY:** Case Number: **SACV10-01282 CJC (JCGx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2
                                      CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No   [ ] Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No   [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)
(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Kathleen Hart_ Kathleen M. Hartman, Esq.    Date 8/19/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

**SACV10- 1282 CJC (JCGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERTO SILVA, individually and on behalf of all persons similarly situated<br><br>PLAINTIFF(S)<br>v.<br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV10-01282 CJC (JCGx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Kathleen M. Hartman, Esq.__, whose address is __2601 Main Street, Suite 800, Irvine, CA  92614__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG 2 0 2010__        By: __ROLLS ROYCE PASCHAL__
                                     Deputy Clerk
                                     1144
                                  (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                    SUMMONS                                    CCD-1A