UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO SILVA, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. SACV10-01282 CJC (JCGx)<br><br>~~[PROPOSED]~~ PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION<br><br>NOTE CHANGES MADE BY THE COURT. |

Having review the parties' Stipulation Regarding Protective Order Governing Confidential Information, the Court hereby orders as follows:

1. As used herein, the phrase "Employee Names and Addresses" is defined as follows:

    (a) The names and current or last known home addresses of current and former IBM employees who worked in California in a nonexempt position at any time from August 20, 2009 to June 9, 2011;

    (b) The names and current or last known home addresses of current and former IBM employees who work or have worked in the United States in bands 6-8 of position code 595K at any time from January 1, 2009 to June 9, 2011; and

    (c) The names and current or last known home addresses of current and former California employees of IBM who have held a Workplace Indicator of "Work at Home" in IBM's HR system at any time from January 1, 2009 to June 9, 2011.

2. Plaintiff's counsel agrees to use the Employee Names and Addresses

1  solely for contacting potential class members to investigate facts and issues in this
2  action unless, as to a particular employee, the employee authorizes additional use of
3  his or her information.
4       3.   The Employee Names and Addresses are considered confidential and
5  will be produced by IBM on an "attorneys' eyes only" basis. Unless the Court
6  rules otherwise, Plaintiff's counsel shall not disclose Employee Names and
7  Addresses to any person other than (a) counsel of record for Plaintiff in this action;
8  (b) the legal, clerical, paralegal, or other staff of such counsel to this action
9  employed during the pendency of this action; (c) the Court and Court personnel
10 (provided that, in submissions to the Court, the parties will *strictly* comply with Local Rule
11 79-5.4(e), requiring redaction of certain home addresses information from
12 documents and exhibits filed with the court); and (d) any vendor retained by
13 Plaintiff's counsel to administer a mailing.
14      4.   This Protective Order does not abrogate any parties' duty to follow
15 court rules regarding the submission of private information to the court. In
16 particular, the parties must *strictly* comply with Local Rule 79-5.
17      5.   Any person who is to obtain Employee Names and Addresses pursuant
18 to paragraph 3(d) shall, prior to receipt of such material: (a) be informed by the
19 party providing access to such material of the terms of this Order; and (b) agree in
20 writing to be bound by the terms of this Order by executing the attached
21 Agreement.
22      6.   If counsel for Plaintiff shall hereafter desire to make the Employee
23 Names and Addresses available to any person other than those referred to in
24 paragraph 3 above, such counsel shall, prior to any such disclosure, designate the
25 material involved, identify the person to whom he/she wishes to make disclosure,
26 and inform counsel for IBM of their desire. If the parties are subsequently unable
27 to agree on the terms and conditions of disclosure to persons not enumerated in
28 paragraph 3, disclosure may be made only on such terms as the Court may order,

PROTECTIVE ORDER GOVERNING                    Case No. SACV10-01282 CJC(JCGx)
CONFIDENTIAL INFORMATION        *and the issue shall be raised strictly pursuant to L.R. 37.*
                                            -2-

7. Prior to filing with the Court pages from the transcript of Plaintiff's deposition taken in this case, Plaintiff shall redact names of IBM's clients. The redacted version of the testimony shall contain unique identifiers (e.g., client 1, client 2, client 3) used in place of the actual client names.

8. The provisions of this Protective Order shall not terminate at the conclusion of this action. Within sixty days after final termination of this action, including any appeals, Plaintiff's counsel shall destroy or return to Defendant's counsel the Employee Names and Addresses and all copies of such materials. At such time, Plaintiff's counsel must certify that the terms of this paragraph have been complied with.

9. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission or assertion by any witness or person or entity that any particular document or information provided is or is not admissible as part of the litigation of this action.

10. Any party to this Order may request the Court to grant relief from any provision of this Order or to seek alternative or additional protection against use or disclosure of confidential or sensitive information.

11. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

IT IS SO ORDERED.

DATED: 8-2-2011        By: _____
~~CORMAC J. CARNEY~~ JAY C. GANDHI
United States ~~District~~ Judge
Magistrate

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO SILVA, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. SACV10-01282 CJC (JCGx)<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Protective Order Regarding Confidential Information entered in this case, and that I have read the Order and agree to be bound by all of the provisions in it. I recognize that I may come into possession of information that is designated Confidential under this Order. I agree not to disclose any such information to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such information solely in connection with my duties in connection with this case. I also agree to return any information protected by the Order to counsel for the party that supplied me with such

| | |
|---|---|
| 1 | information as soon as my duties have concluded. I also agree to submit to the |
| 2 | authority of this Court for enforcement of the Order. |
| 3 | |
| 4 | Dated: _____ |

```
                                          _____
                                                   Print Name

                                          _____

                                          _____
                                                  Print Address
```

NYI-4389570v1