Steven M. Zadravecz (State Bar No. 185676)
szadravecz@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant
INTERNATIONAL BUSINESS
MACHINES CORPORATION

[ADDITIONAL DEFENSE COUNSEL
LISTED ON SIGNATURE PAGE]

Robert W. Thompson
Kathleen M. Hartman
CALLAHAN, THOMPSON, SHERMAN & CAUDILL
2601 Main Street, Suite 800
Irvine, CA 92614
Telephone: (949) 261-2872
Facsimile: (949) 261-6060

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERTO SILVA, individually and on behalf of those similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**INTERNATIONAL BUSINESS MACHINES CORPORATION,**<br><br>**Defendant.** | **Case No. SACV10-01282 CJC (JCGx)**<br><br>**~~[PROPOSED]~~ SECOND ORDER GOVERNING CONFIDENTIAL INFORMATION**<br><br>NOTE CHANGES MADE BY THE COURT. |

Having reviewed the parties' Stipulation Regarding Second Protective Order Governing Confidential Information, the Court hereby orders as follows:[1]:

1. A party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, discovery responses, electronic data, deposition transcripts, exhibits or other materials produced or generated in this matter that it reasonably believes should be subject to the terms of this Order. Material that may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY consists of documents and information whose disclosure would create a risk of injury that could not be avoided by less restrictive means, and includes, but is not limited to, customer information, personnel information, and personal information of any current or former IBM employee.

2. Designations in conformity with this Order may be made as follows:

a) for information in documentary form (other than depositions or other transcripts), by stamping or labeling the first page of each such document CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or by any other reasonable means of giving notice of the party's intent to claim protected status of the material in question;

b) for testimony given in deposition or other proceeding, by notifying all counsel of record prior to, during or after the proceeding, that the information provided in the deposition or other proceeding is considered CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and that the transcript thereof shall be subject to the provisions of this Order; and

c) for information or items produced in other forms, by stamping or labeling the exterior of the container(s) in which the information or item is stored

[1] A separate Order, filed August 2, 2011, addresses the confidentiality of Employee Names and Addresses and the Plaintiff's deposition transcript.

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or by any other reasonable means of providing notice of the designations.

3. Documents and information designated CONFIDENTIAL in accordance with this Order shall be used solely for the purpose of preparation, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation for and trial and appeal of this action; (c) Plaintiff Roberto Silva, so long as disclosure is reasonably necessary for purposes of this litigation and he agrees to comply with and be bound by the terms of this Order (but under no circumstances shall Silva be shown payroll data or other personal information pertaining to another employee of Defendant); (d) the principals, officers, agents and employees of Defendant whom Defendant believes in good faith have a need to review such documents or information; (e) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (f) trial witnesses and court reporters in this action; (g) deponents, but only those who had access to the documents or information independent of this litigation and only so long as the disclosure is reasonably necessary for purposes of this litigation; and (h) the Court, Court personnel and jurors. CONFIDENTIAL documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (h) of this paragraph.

4. Documents and information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Order shall be used solely for the purpose of preparation, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents and information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the

preparation for and trial and appeal of this action; (c) the principals, officers, agents and employees of Defendant whom Defendant believes in good faith have a need to review such documents or information; (d) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (e) trial witnesses and court reporters in this action; (f) deponents, but only those who had access to the documents or information independent of this litigation and only so long as the disclosure is reasonably necessary for purposes of this litigation; and (g) the Court, Court personnel and jurors. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (g) of this paragraph.

5.  Any person who is to obtain access to material subject to this Order pursuant to paragraph 3(e), 3(g), 4(d) and/or 4(f) shall prior to receipt of such material (a) be informed by the party providing access to such material of the terms of this Order; and (b) agree in writing to be bound by the terms of this Order by executing the attached Agreement.

6.  If counsel for a party herein shall hereafter desire to make material subject to this Order available to any person other than those referred to in paragraphs 3 and 4 above, such counsel shall, prior to any such disclosure, designate the material involved, identify the person to whom he/she wishes to make disclosure, and inform counsel for the opposing party of their desire. If the parties are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraphs 3 and 4, disclosure may be made only on such terms as the Court may order, and the issue shall be raised strictly pursuant to Local Rule 37.

7.  A party in receipt of materials designated by another party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" shall not file such materials in the public record unless: (a) the party redacts the names of IBM's customers from such materials or (b) as to materials that are separately labeled "NOT TO BE FILED UNLESS UNDER SEAL," the party files the materials under seal pursuant to the procedures set forth in Local Rule 79-5. In the event that documents are filed under seal, the parties agree to strictly comply with the Local Rules concerning filing the appropriate supporting documents to submit materials under seal. A party may seek relief from the requirements of this paragraph 8 by securing written permission from the opposing party or an order of this Court after giving notice to all interested persons.

8. The provisions of this Order shall not terminate at the conclusion of this action. Within sixty days after final termination of this action, including any appeals, the parties shall destroy or return to counsel for a party that produced materials subject to this Order originals and all copies of such materials. At such time, each party must certify that the terms of this paragraph have been complied with.

9. Any material subject to this Order, and which is otherwise admissible, may be used at trial, ~~provided, however, that the parties agree that they will work~~ with the Court to identify trial procedures that will protect and maintain the non-public nature of material subject to this Order. Prior to the use at trial of material subject to this Order, all stamps, labels or other designations placed on the material pursuant to this Order shall be removed.

10. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege. Any party may request that the Court grant relief from any provision of this Order. If a party disagrees with a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must notify the designating party of the disagreement by serving a letter requesting a conference of counsel pursuant to Local Rule 37.1. If the parties are unable to

resolve the dispute at the Local Rule 37.1 conference of counsel, the parties shall raise the dispute with the Court pursuant to the procedures set forth in Local Rule 37.2. The documents or information that is/are the subject of the confidentiality designation dispute shall remain under the protection of this Order pending the Court's decision resulting from the Local Rule 37.2 filing. In any proceeding in which a party challenges the designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the designating party has the burden of demonstrating that the material is properly designated. The parties may correct initially erroneous confidentiality designations, or lack thereof, and at their own expense, furnish to all counsel copies of the documents or other materials for which there is a change in designation. Nothing in this Order shall prevent any party from using or disclosing their own documents or information, regardless of designation.

11. The inadvertent or unintentional disclosure by any party of documents or information protected from discovery as an attorney-client communication, work product or otherwise protected under Federal Rule of Civil Procedure 26 (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY at the time of disclosure, shall not be deemed a waiver in whole or in part of that disclosing party's claim of privilege, either as to the specific documents or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter. The recipient of such Privileged Material shall (i) return it, without retaining any copy of it, upon recognizing its status, or within three (3) days from a demand (the "Demand") by the disclosing party, whichever occurs first; (ii) destroy all summaries, notes, memoranda or other documents (or the portions thereof) referring to such Privileged Material; and (iii) not use such documents containing Privileged Material for any purpose until further order of the Court. If the receiving party disputes the disclosing party's Demand,

the matter shall be presented by the disclosing party to the Court for resolution pursuant to Local Rule 37. Further, if the recipient has already shared such Privileged Material prior to recognizing its protected status or prior to a Demand for its return, that recipient shall promptly notify the other affected persons, and collect and return all copies.

IT IS SO ORDERED:

Date: 8/25/11

HON. ~~CORMAC J. CARNEY~~ JAY C. GANDHI
United States ~~District~~ Magistrate Judge

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROBERTO SILVA, individually and on behalf of those similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**INTERNATIONAL BUSINESS MACHINES CORPORATION,**<br><br>**Defendant.** | **Case No. SACV10-01282 CJC (JCGx)**<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, ________________, the undersigned, hereby acknowledge that I have received a copy of the Protective Order entered in this action, and that I have read the Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. I agree not to disclose any such matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such matter solely in connection with my participation in this case. I also agree to return any materials protected by the Order to counsel for the party that supplied me with such materials as soon as my participation in the case is concluded. I also agree to submit to the authority of this Court for enforcement of the Order.

Dated: ______________________

______________________________
Print Name

______________________________

______________________________
Print Address

SECOND ORDER GOVERNING CONFIDENTIAL INFORMATION - 9 - Case No. SACV10-01282 CJC (JCGx)