1  Steven M. Zadravecz
     (State Bar No. 185676)
2  szadravecz@jonesday.com
   JONES DAY
3  3 Park Plaza, Suite 1100
   Irvine, California 92614
4  Telephone: (949) 851-3939

5  Matthew W. Lampe (admitted *pro hac vice*)
   mwlampe@JonesDay.com
6  Wendy C. Butler (admitted *pro hac vice*)
   wbutler@JonesDay.com
7  JONES DAY
   222 East 41st Street
8  New York, NY 10017-6702
   Telephone: (212) 326-3939
9
   Attorneys for Defendant
10 INTERNATIONAL BUSINESS
   MACHINES CORPORATION
11
   Robert W. Thompson
12   (State Bar No. 106411)
   rthompson@ctsclaw.com
13 Kathleen M. Hartman
     (State Bar No. 219934)
14 khartman@ctsclaw.com
   CALLAHAN, THOMPSON, SHERMAN &
15 CAUDILL, LLP
   2601 Main Street, Suite 800
16 Irvine, California 92614
   Telephone: (949) 261-2872
17
   Attorneys for Plaintiff
18

   FILED - SOUTHERN DIVISION
   CLERK, U.S. DISTRICT COURT
   FEB 13 2012
   CENTRAL DISTRICT OF CALIFORNIA
   BY _____ DEPUTY

                UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO SILVA, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. SACV10-01282 CJC (JCGx)<br><br>**JOINT APPLICATION TO FILE SETTLEMENT AGREEMENT UNDER SEAL FOR *IN CAMERA* REVIEW BY THE COURT** |

By this Joint Application, Plaintiff Roberto Silva ("Plaintiff" or "Silva") and Defendant International Business Machines Corporation ("IBM" or "Defendant") (together, the "Parties") request an Order pursuant to Local Rule 79-5.1 permitting the parties to file under seal their Confidential Agreement And General Release ("Settlement Agreement"), executed by the Parties on February 2, 2012, for *in camera* review by the Court.

The Parties to this action have reached a settlement. The terms of the settlement are confidential. "Normally, the Court does not rule on a private settlement negotiated between parties." *Hand v. Dionex Corp.*, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007). "But because Plaintiffs filed a [Fair Labor Standards Act] action against Defendant, the parties must seek approval of their stipulated settlement in order to ensure the enforceability of the Settlement Agreement." *Id.* The Parties have met and conferred regarding the necessity of keeping this settlement confidential, and the Parties stipulate that the Settlement Agreement should be filed under seal to preserve the confidentiality of the agreement.

The decision to preclude access to and maintain confidentiality of sensitive documents is left to the discretion of the trial court. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The decision is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* It is well-established that settlement agreements may be kept confidential when necessary to promote settlement and preserve confidentiality. *City of Hartford v. Chase*, 943 F.2d 130, 135 (2d Cir. 1992) ("a federal judge has the power to prevent access to settlement negotiations by [sealing settlement documents] when necessary to encourage the amicable resolution of disputes"). Indeed, courts within this circuit – including this Court – have routinely applied this rationale to preserve the confidentiality of settlement

agreements submitted for court approval in FLSA actions. *See Schueler v. H&R Block Mortgage Corp.*, No 8:07-cv-342 CJC (MLGx) (C.D. Cal. May 12, 2010) (Docket Entry 217) (Carney, J.) (order granting parties' application to submit FLSA settlement agreement for *in camera* review); *Polich v. J.P. Morgan Chase Nat. Services, Inc.*, No SACV09-615 CJC (ANx) (C.D. Cal. Jan. 4, 2010) (Docket Entry 11) (Carney, J.) (same); *see also Trinh v. JP Morgan Chase & Co.*, 2009 WL 532556 (S.D. Cal. 2009) (reviewing agreement in camera and filing documents under seal).

Here, the public interest, if any, in disclosure of the terms of this settlement is minimal because this is a private settlement reached exclusively between the Plaintiff and the Defendant. The parties generally would not provide the settlement agreement to the Court, but for the need for Court approval of the settlement of the FLSA claim. Further, one of the essential conditions of the proposed settlement is confidentiality. Public policy strongly favors encouraging settlement by keeping settlement agreements confidential. *Hasbrouck v. BankAmerica Hous. Services*, 187 F.R.D. 453, 458 (N.D.N.Y. 1999) ("protecting confidentiality of the settlement agreement promotes the important public policy of encouraging settlement").

The Parties have agreed to maintain the terms of the settlement confidential. In light of the absence of a strong public interest in favor of disclosure and the strong public policy in favor of encouraging settlement, the Parties ask the Court to allow the submission of the Settlement Agreement under seal for *in camera* review.

| | | |
|---|---|---|
| 1 | Dated: February 10, 2012 | JONES DAY |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Matthew W. Lampe |
| 5 | | Attorneys for Defendant |
| 6 | | INTERNATIONAL BUSINESS MACHINES CORPORATION |
| 7 | Dated: February 10, 2012 | CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP |
| 8 | | |
| 9 | | By: _____ |
| 10 | | Kathleen M. Hartman |
| 11 | | Attorneys for Plaintiff |
| 12 | | ROBERTO SILVA |

ATI-2504743v1